**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

AVIATION WEST CHARTERS, LLC d/b/a ANGEL MEDFLIGHT,

*Plaintiff*,

*v.*

BLUE CROSS & BLUE SHIELD OF MASSACHUSETTS HMO BLUE, INC.,

*Defendant*.

No.:

**COMPLAINT**

**NATURE OF THE CASE**

1. This ERISA action seeks to recover health plan benefits that Defendant Blue Cross & Blue Shield of Massachusetts HMO Blue, Inc. ("Blue Cross") refuses to pay.

2. Defendant Blue Cross administers a plan under which Rachel Karger is a beneficiary. Rachel was critically injured in a snowmobile accident in Colorado in 2013 and underwent multiple surgeries. When Rachel needed to be transferred to a rehabilitation facility in Massachusetts near her home and family, Plaintiff Angel MedFlight provided air-ambulance services. Those services were medically necessary, and medically necessary ambulance services are covered by the Blue Cross plan. Blue Cross, however, refuses to pay.

3. Blue Cross's refusal violates the terms of its health plan.

## PARTIES

4. Plaintiff, Aviation West Charters, LLC d/b/a Angel MedFlight ("Angel MedFlight") is a Delaware limited liability corporation that has its principal place of business in Scottsdale, Arizona and is the successor in interest of Aviation West Charters, Inc. Angel MedFlight provides worldwide fixed-wing air ambulance services using medically customized planes. As part of its services, Angel MedFlight has a team of medical providers who coordinate air and ground transportation from the sending facility to the receiving facility. The patients transported by Angel MedFlight are accompanied by medical professionals who are trained to provide critical medical care.

5. Angel MedFlight provided such services to Rachel, a resident of Needham, Massachusetts, in March 2013 after she was severely injured in an accident. Rachel is a beneficiary of Blue Cross's plan. Under that plan, Blue Cross is obligated to pay for Rachel's services. Rachel assigned to Angel MedFlight all rights and claims that she has in connection with her insurance benefits under the Blue Cross plan.

6. Defendant Blue Cross & Blue Shield of Massachusetts HMO Blue, Inc. is a Massachusetts corporation that insures health plans in Massachusetts. Blue Cross insures the plan under which Rachel is a beneficiary.

## JURISDICTIONAL STATEMENT

7. Angel MedFlight brings its claims under ERISA, 29 U.S.C. § 1132. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331.

8. This Court is an appropriate venue because the Blue Cross plan is administered, and Blue Cross is found, in this district. *See* 29 U.S.C. § 1132(e)(2).

## FACTS

9. Rachel, a Massachusetts citizen and mother of two, travelled to Colorado in February 2013 on vacation. While snowmobiling on February 21, Rachel was involved in a crash and suffered traumatic injuries. She was airlifted to Denver Health Medical Center, where she underwent multiple surgeries and remained for two weeks.

10. After being transferred to a skilled nursing facility on March 7, Rachel was taken back to Denver Health Medical Center on March 15 because of ongoing pain. Another major surgery was required, during which Rachel needed blood and blood-plasma transfusions, followed by more time in the intensive care unit.

11. Recovery remained difficult after Rachel's last operation. She experienced an abnormal heart rate, needed additional blood transfusions, and suffered from uncontrolled acute pain, neuropathic pain, and blood clots. Rachel also was treated by a psychiatrist for acute distress caused by the trauma and being away from her home and family for so long under such very difficult circumstances.

12. When the time came for Rachel to be transferred to a rehabilitation facility, her doctors concluded that, during the course of her long rehabilitation and in light of the difficulties she had already experienced, Rachel would need both the


appropriate medical care and the corresponding support of her family in order to recover. Accordingly, Rachel's doctors determined that she should be transferred to a rehabilitation facility in Massachusetts.

13. Given Rachel's fragile condition, transportation by air ambulance was the only safe and acceptable option. Rachel could not walk and could not stand unassisted or sit in a wheelchair, and she was at risk of further injury and medical emergencies during transport. Prolonged ground transportation or commercial air travel was not feasible. So, in late March, Angel MedFlight transported Rachel to the rehabilitation facility in Massachusetts.

14. Before transporting Rachel, Angel MedFlight submitted a pre-authorization request to Blue Cross that documented her condition. Blue Cross, in response to the request, erroneously denied coverage for the Angel MedFlight transport, stating (emphasis added):

> We could not approve coverage of this service because .the [sic] member did not meet the medical necessity criteria required for coverage of air ambulance transport *because this was not an emergency*. We would have cover [sic] for the Rehabilitation facility in the Denver area until the member is safe enough to return to Massachusetts.

15. By denying coverage "because this was not an emergency," Blue Cross ignored the point of the transport. Coverage under the Blue Cross plan for ambulance transport, such as that provided by Angel MedFlight, includes both "Emergency" and "Other" situations. By the plan's terms, coverage for the latter category does not hinge on whether there is an emergency but, rather, on whether

the transportation is "*medically necessary*"—which Rachel's was. Blue Cross simply ignored that fact and denied coverage with no reason.

16. Approximately 7 months later, after Angel MedFlight filed a grievance, Blue Cross shifted its position but continued to deny coverage for Rachel's transport. Despite acknowledging Rachel's "precarious state," Blue Cross again stated that there had been no emergency, and also now suggested, for reasons that are not clear and contrary to the facts, that the transfer was not medically necessary. Blue Cross stated in part as follows:

> The supporting document stating that [Rachel] could not take other forms of transportation doesn't support the need for emergency transportation to another state. As such, given her somewhat precarious state, there is no documentary evidence that it was medically necessary to transport her or that such care was emergent. Were such transfer to be necessitated, it would only include nearest [sic] appropriate acute care hospital with appropriate facilities for treatment. … [T]here is nothing to substantiate that the physicians treating the member had determined that care needed to be transferred to another facility to [sic] reasons of medical necessity.

17. Contrary to Blue Cross's rejection, Rachel's doctors had determined that she needed to move to a rehabilitation facility; staying in an acute care facility was not an option. Her doctors also had determined that the appropriate rehabilitation facility was in Massachusetts. In Blue Cross's parlance, the transfer was necessitated, and coverage for the transfer was thus due.

18. Blue Cross has offered no plausible reason for concluding that Rachel's doctors were wrong. Indeed, Blue Cross clearly has placed its interest in minimizing its own liability for benefits ahead of Rachel's interests as an insured—by, among other things, relying on evolving "reasons" for denying coverage.

## CAUSE OF ACTION

19. Angel MedFlight incorporates and realleges the allegations of Paragraphs 1 through 18.

20. Angel MedFlight is entitled to recover benefits under the terms of the Blue Cross plan. 29 U.S.C. § 1132(a)(1)(B).

21. Angel MedFlight provided services to Rachel that are covered by the Blue Cross plan. Blue Cross refuses to pay any benefits based solely on flawed and self-serving interpretations of its plan and the record. Angel MedFlight is entitled to recover its full charges for providing air-ambulance services.

22. Angel MedFlight is entitled to recover its attorney's fees and costs. 29 U.S.C. § 1132(g)(1).

## PRAYER FOR RELIEF

Angel MedFlight respectfully demands judgment against Blue Cross:

1. Declaring that Angel MedFlight is entitled under the Blue Cross plan to payment of services rendered to Rachel;

2. Awarding pre-judgment interest to Angel MedFlight;

3. Awarding reasonable attorney's fees and costs to Angel MedFlight; and

4. Awarding any other relief that the court deems proper.

Dated: October 30, 2015

Respectfully submitted,

Aviation West Charters, LLC

By its attorneys,

/s/ Mark A. Bross
Mark A. Bross (BBO #669831)
mbross@brosslawllc.com
BROSS LAW, LLC
11 Deep Run
Cohasset, MA 02025
(781) 383-0458

Eamon P. Kelly (*pro hac vice* admission to be sought)
Nathan A. Shev (*pro hac vice* admission to be sought)
SPERLING & SLATER, P.C.
55 West Monroe, Suite 3200
Chicago, IL 60603
(312) 641-3200

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2015, a true and accurate copy of the foregoing document was filed electronically. Notice of this filing will be electronically mailed to all parties registered with the Court's electronic filing system. Additionally, a copy of the foregoing will be served upon each party by hand or any other manner of service permitted by the Federal Rules of Civil Procedure.

/s/ Mark A. Bross